## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**GEORGE FERNANDEZ,**

  **Plaintiff,**

**v.**              **Case No: 5:16-cv-326-Oc-34PRL**

**CITY OF FRUITLAND PARK**

  **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

  Plaintiff, George Fernandez, complains about his wages and ultimate termination in this employment law case.   He alleges that Defendant, City of Fruitland Park, violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), insofar as it failed to properly compensate him and then terminated him in retaliation for his complaints about the inadequate pay.   Plaintiff also brings several claims under state law.   Defendant seeks the dismissal of this case.

  Upon review, I submit that Defendant's motion is due to be denied as to Plaintiff's FLSA claims and his state law claims for breach of contract, quantum meruit, and unjust enrichment.   It should be granted, however, as to Plaintiff's claim under Florida's public sector whistleblower statute.

_____

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

I.   **BACKGROUND**[2]

This case arises from Plaintiff's alleged employment as a City of Fruitland Park firefighter from 2008 to 2015.   According to Plaintiff, he completed an employee application in September of 2008, Defendant then sent him a written offer of conditional employment, and Defendant ultimately issued him an employee identification number.   (Doc. 16, ¶¶ 10–11).

As a firefighter for Defendant, Plaintiff was required to work at least twelve to sixteen hours per week.   His duties included working large fires, vehicle extractions, and city events. (Doc. 16, ¶¶ 13, 45).   Defendant required Plaintiff to obtain a state certification in firefighting and perform at least two-hundred continuing education hours each year.   (Doc. 16, ¶ 12). Defendant also paid Plaintiff an hourly wage for maintaining fire hydrants, paid him monthly, and sent Plaintiff a W2 tax form each year that Defendant employed him.   (Doc. 16, ¶¶ 43, 44, 46).

Plaintiff represents that he and Defendant entered an agreement in which Defendant agreed to employ him and pay him as provided for, "and not in violation of, the law of the United States and the State of Florida."   (Doc. 16, ¶ 14).   During his time with Defendant, Plaintiff allegedly worked around fifty hours each week.   But Defendant paid him *below* the federal minimum wage and failed to pay him any overtime wages.   (Doc. 16, ¶¶ 15–18).   Yet Plaintiff did not remain silent about his inadequate wages.   (Doc. 16, ¶ 19).

He asserts that on a date not disclosed here, he complained at a Fruitland Park Commissioner's meeting "about the excessive hours and the inadequate pay" Defendant's firefighters received.   (Doc. 16, ¶ 20).   He further complained to Defendant's mayor and manager "about the inadequate pay, and [Defendant's] misappropriation of funds towards the fire

---

[2]  The background facts are taken from Plaintiff's Amended Complaint ("Complaint") and are taken as true for purposes of this motion to dismiss.   (Doc. 16).

department."³   (Doc. 16, ¶ 21).   Also, according to Plaintiff, he has complained that Defendant's firefighters are paid less than firefighters in neighboring areas, though both perform the same work. (Doc. 16, ¶ 62).   Further, he has complained that some neighborhoods of the City of Fruitland Park are serviced by full-time firefighters while other neighborhoods are serviced by only part-time firefighters, yet each neighborhood pays the same amount in taxes.   (Doc. 16, ¶ 63).

Plaintiff represents that after lodging his complaints, Defendant fired him in retaliation in September of 2015 for his grievances.   (Doc. 16, ¶ 23).   But Plaintiff maintains that he was always "able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels."   (Doc. 16, ¶ 24).

In May of this year (Doc. 1), Plaintiff then filed this suit alleging that Defendant violated the FLSA by failing to pay him overtime wages, failing to pay him according to the federal minimum wage, and retaliating against him.   He also alleges several state law claims under theories of breach of contract, quantum meruit, and unjust enrichment, along with a claim that Defendant violated Florida's public sector whistleblower statute.

## II.   LEGAL STANDARD

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 556 U.S. at 678 (quoting

_____

[3] Plaintiff dropped Defendant's mayor, Chris Bell, as a defendant in this case.   *See* (Docs. 1, 16).

*Twombly*, 550 U.S. at 555).   Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."   *Id.*   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"   *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).   In short, to survive a motion to dismiss a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (citing *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*.   First, the court will "eliminate any allegations in the complaint that are merely legal conclusions."   *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).   Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In applying this two-step approach to determine the complaint's sufficiency under Rule 8 (and in turn the plausibility of the claims), the Eleventh Circuit limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."   *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).   Further, the Court can infer "'obvious alternative explanations,' which suggest lawful conduct

rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682) (brackets omitted).

## III.   DISCUSSION

In sum, Plaintiff asserts two claims under the FLSA and four claims under state law. Defendant has now moved to dismiss all the claims by arguing that the FLSA in not applicable here and that Plaintiff has failed to state any claim for relief.   (Doc. 19).

Defendant also moves to strike the Complaint as a shotgun pleading, but I submit that Plaintiff's pleading gives Defendant adequate notice of the claims against it and the grounds upon which they rest.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").   Specifically, contrary to Defendant's assertions (Doc. 19, pp. 7–8), Plaintiff has stated more than bare legal conclusions, has not commingled his claims against multiple Defendants, and has not alleged "multiple counts where each count adopts the allegations of all preceding counts."   *Id.*

### A.  FLSA claims

Plaintiff asserts two claims under the FLSA: (1) Defendant failed to properly pay Plaintiff wages and (2) Defendant fired Plaintiff for his complaints about the wages that he and other firefighters received.   As set forth below, I submit that both claims should proceed.

#### 1.  *Unpaid wages—Count IV*

Defendant asserts that Plaintiff has failed to state a claim for wages under the FLSA.   And Defendant argues further that assuming Plaintiff has stated a claim, Plaintiff is an exempt

firefighter under 29 U.S.C. § 207(k).   I will address whether Plaintiff has stated a claim for relief first.

a)      Prima facie case

As a general matter, FLSA pleading requirements are straightforward: "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."  *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).   To state a claim for failure to pay overtime compensation, an employee must more specifically demonstrate: (1) the existence of an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked more than forty hours per week but was not paid overtime wages.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008).   A plaintiff need not allege a specific amount of overtime that is due to survive a motion to dismiss.  *Topol v. Artech Info. Sys., LLC*, No. 615CV1526ORL40KRS, 2016 WL 3763216, at *2 (M.D. Fla. June 24, 2016), *report and recommendation adopted,* No. 615CV1526ORL40KRS, 2016 WL 3753486 (M.D. Fla. July 13, 2016); *Mitial v. Dr. Pepper Snapple Group*, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012).   But "to be liable under the FLSA the employer must know or have reason to believe that the employee has worked overtime hours."  *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240, at *9 (M.D. Fla. Jan. 2, 2013).

As to the first prong of Plaintiff's overtime claim, he alleges that he was employed by Defendant for seven years as a non-exempt firefighter.   (Doc. 16, ¶¶ 8).   Defendant counters that Plaintiff has failed to allege the existence of an employment relationship, because Plaintiff was a

mere *volunteer* firefighter working with Defendant's *volunteer* fire department.[4]   (Doc. 19, pp. 4–5).   29 U.S.C. § 203(e).   While the existence of an employment relationship is a question of law on which Plaintiff bears the burden of showing, *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1278 (S.D. Fla.), *aff'd*, 494 F. App'x 940 (11th Cir. 2012), I submit that he has met that burden here—at least for purposes of avoiding Rule 12(b)(6) dismissal.

Whether an individual is an employee under the FLSA "is not governed by the 'label' put on the relationship by the parties."   *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013).   Instead, in deciding whether an employment relationship exists under the FLSA, courts apply the "economic reality test."   *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).   That test involves determining whether the alleged employer "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records."   *Id.*   Yet technical and isolated factors do not determine whether an individual is an employer; courts, instead, look to the circumstances as a whole.   *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008); *Vickery v. Cumulus Broad., LLC*, No. 616CV248ORL37KRS, 2016 WL 4382703, at *2 (M.D. Fla. Aug. 17, 2016) ("[T]he Eleventh Circuit has condemned the practice of focusing on a single factor, such as control; rather, the district court must consider the entire circumstances of the work relationship.").

---

[4] Indeed, the term "employee" under the FLSA does not include individuals who—under certain circumstances—"volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency."   29 U.S.C. § 203(e).   Those circumstances involve instances when the "individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered" and "such services are not the same type of services which the individual is employed to perform for such public agency."   *Id.* § 203(e)(4)(A)(i–ii).   Here, Plaintiff plainly alleges that he was employed by Defendant as a firefighter.

As to these factors (and accepting Plaintiff's allegations as true for purposes of Defendant's motion), Plaintiff pleads that Defendant hired him; required Plaintiff to fill out an employee application—not a volunteer application; sent Plaintiff a written offer of conditional employment (which it appears that Defendant may have kept a record of, see Doc. 12, p. 10); and agreed to employ him and pay him according to the laws of this country and the State of Florida.   (Doc. 16, ¶¶ 8, 9, 10, 14).   Further, Defendant required him to obtain state firefighter certification and to perform at least two-hundred hours of continuing education per year; required him to maintain fire hydrants, along with working all large fires, vehicle extractions, and city events; required him to work a certain number of hours per week; determined his hourly pay rate, paid him monthly, and kept him on its payroll; and ultimately fired him.   (Doc. 16, ¶¶ 12, 13, 18, 22, 43, 44, 45).   Also, according to Plaintiff, he received a W2 tax form and filed taxes as Defendant's employee each year that he was employed by Defendant.   (Doc. 16, ¶ 46).   In sum, Plaintiff has adequately alleged that he had an employment relationship with Defendant.   *Compare Vickery*, 2016 WL 4382703, at *2 (dismissing an FLSA claim when Plaintiff failed to allege that any of the elements of the economic reality test were met) *with White v. Subcontracting Concepts, Inc.*, No. 808-CV-620-T-30TGW, 2008 WL 2959723, at *2 (M.D. Fla. July 30, 2008) (denying a motion to dismiss a FLSA wages claim when the plaintiff alleged that the defendant hired her and directed her to work at a specific location).

While there is some dispute about the significance of Defendant's "Conditional Offer of Employment" exhibit (Docs. 12, p. 10; 19, p. 3), which Defendant contends shows that Plaintiff was a volunteer, receiving just a quarterly stipend (Doc. 12, p. 10), Plaintiff's acknowledgement of the exhibit doesn't change the outcome (see Docs. 16, ¶ 10; 22, p. 2, where Plaintiff admits that this exhibit represents the "Conditional Offer of Employment Letter" that he mentions in his

Complaint.).   On a motion to dismiss, it is well settled that "when the exhibits [attached or incorporated into the complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern."   *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).   But note, "[t]he Griffin principle applies if the exhibits 'plainly show' that the complaint's allegations are untrue by providing 'specific factual details' that 'foreclose recovery as a matter of law.'" *Renfroe v. Nationstar Mortgage, LLC*, No. 15-10582, 2016 WL 2754461, at *4 (11th Cir. May 12, 2016) (quoting *Griffin Indus., Inc*., 496 F.3d at 1206).   Here, even if it can be said that Plaintiff has adopted the exhibit as part of his pleading (and I'm not saying that he has), the exhibit does not plainly show that, *as a matter of law*, Plaintiff was a mere volunteer—i.e., the exhibit does not plainly defeat the allegations that Defendant hired Plaintiff after he completed an employee application and received a written offer of conditional employment; agreed to employ him and pay him; controlled Plaintiff by requiring him to work certain hours and maintain fire hydrants, along with working large fires, vehicle extractions, and city events; required Plaintiff to obtain a firefighting certificate and complete two-hundred hours of continuing education each year; paid Plaintiff an hourly wage and on a monthly basis (as alleged); kept him on its payroll; and ultimately fired him.

As to the second prong of this overtime claim, Plaintiff alleges that Defendant engaged in interstate commerce (Doc. 16, ¶¶ 49–51) and that Defendant is a political subdivision of Florida (Doc. 16, ¶ 4).   I note that the FLSA applies to state and local public agencies, like Defendant. *See* 29 U.S.C. § 203(d), (r)(2)(C), (s)(2)(C); § 203(x) (stating that the political subdivisions of the States are public agencies); 29 C.F.R. § 553.3 (noting that "[t]he definition of the term 'employer' was changed [in 1974] to include public agencies").   And the FLSA applies even when those agencies perform governmental functions.   *See Garcia v. San Antonio Metro. Transit Auth.*, 469

U.S. 528, 556–57 (1985), *Wethington v. City of Montgomery*, 935 F.2d 222, 224 (11th Cir. 1991) (noting that the Supreme Court held in *Garcia* "that state and local governments were subject to the FLSA even when performing government functions"); *Edmund v. City of Fort Myers*, No. 2:10-CV-474-FTM-29, 2012 WL 28224, at *2 (M.D. Fla. Jan. 5, 2012) ("Since April 15, 1986, a municipality has been an "employer" for purposes of the FLSA.").

On the third and final prong, Plaintiff alleges that he worked more that forty hours per week (on average about fifty hours a week), that Defendant failed to pay him any overtime pay, and that Defendant knew that it owed him overtime pay. (Doc. 16, ¶¶ 15, 16, 17, 20, 21, 54). Also, Plaintiff pleads that throughout his employment Defendant paid him an hourly wage that was below the federal minimum wage and that Defendant failed to post notice of its employees' rights under the FLSA. (Doc. 16, ¶¶ 18, 55). Thus Plaintiff has stated a claim for unpaid wages under the FLSA.

b)   Section 207(k) exemption

Defendant also argues that even assuming Plaintiff has stated a FLSA wages claim, his claim fails as he is an exempt firefighter under 29 U.S.C. § 207(k). (Doc. 19, pp. 5–6). At a very general level, under § 207(k), "[f]ire protection employees are due overtime only for hours in excess of 212 worked in a 28-day period, equivalent to an average of 53 hours per week."[5] *Falken*

---

[5] Section 207(k) further provides for instances where fire protection employees work less than twenty-eight day periods:

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities . . . if . . . in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours . . . bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

*v. Glynn Cty., Georgia*, 197 F.3d 1341, 1345 (11th Cir. 1999); 29 C.F.R. § 553.201.   The employer bears the burden of proving overtime exemptions, like § 207(k), which are strictly construed against the employer.   *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 252 (11th Cir. 1997); *Adderly v. City of Atlanta, Ga.*, No. CIV.A. 1:08-CV-2111, 2009 WL 1456575, at *2 (N.D. Ga. May 22, 2009).

To meet its burden under § 207(k), the employer must show—among other elements—that it has adopted a work period of between seven and twenty-eight days for employees who are engaged in fire protection services.   *See Adderly*, 2009 WL 1456575 at *2.   Defendant does not even attempt to meet that burden here; instead, it only asserts that Plaintiff's own pleadings show that the § 207(k) exemption applies to him (Doc. 19, p. 6)—but this assertion simply ignores Plaintiff's pleading that he is nonexempt.   (Doc. 16, ¶¶ 8, 16) (alleging that Plaintiff was employed by Defendant as a nonexempt firefighter and that he worked around fifty hours per week).   Thus, given Plaintiff's allegations and the lack of any argument or evidence to the contrary, Defendant has not met its burden at this time.   *See, e.g.*, *Adderly*, 2009 WL 1456575 at *4 (declining to dismiss a FLSA claim where the plaintiffs pled that they were nonexempt and the evidence presented on the matter was inconclusive).   Accordingly, I recommend that Defendant's motion to dismiss Count IV of the Complaint be denied.

### 2.   Retaliation—Count V

To state a claim for retaliation under 29 U.S.C. § 215 of the FLSA, an employee must allege that (1) the employee engaged in a statutorily protected activity; (2) the employee suffered an adverse action by his or her employer; and (3) this adverse action occurred as a consequence of the employee's protected activity.   *Miller v. Roche Sur. & Cas. Co.*, 502 F. App'x 891, 893 (11th

---

§ 207(k)(2).

Cir. 2012); *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). Defendant apparently argues that Plaintiff has failed to sufficiently allege that it violated § 215. (Doc. 19, pp. 6–7). I disagree.

As to the first prong, under § 215(a)(3), statutorily protected activities include filing an informal complaint, which need not be in writing. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1330–35 (2011); *Miller*, 502 F. App'x at 894. Indeed "[i]nformal complaints to an employer regarding wage practices or any conduct that implicates the FLSA qualify as protected activity." *Wigley v. W. Florida Lighting, Inc.*, No. 8:04CV1524T27TGW, 2005 WL 3312319, at *4 (M.D. Fla. Dec. 7, 2005); *Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1134 (N.D. Ga. 2004) (noting that the complaint need not specifically reference the FLSA as long as the "complaint concerns an employer's wage or hour practices"). Still, the complaint must make clear that the employee is lodging a grievance—i.e., "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 131 S. Ct. at 1335; *Miller*, 502 F. App'x at 894.

Plaintiff contends here that at a Fruitland Park Commissioner's meeting he complained about the inadequate pay and excessive hours that Fruitland Park firefighters endured. (Doc. 16, ¶ 20). Plaintiff also told Defendant's mayor and manager about the inadequate pay its firefighters receive. (Doc. 16, ¶ 21). Lastly, though Plaintiff does not elaborate on the details of any other specific instances where he complained to Defendant, he alleges that throughout his employment, he regularly and repeatedly complained about (and objected to) Defendant's failure to pay overtime wages. (Doc. 16, ¶¶ 19, 59).

As to the second prong of this retaliation claim, a discharge is clearly an adverse employment action under § 215(a)(3): "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee" for filing a complaint under the FLSA.   And on the final prong, Plaintiff asserts that Defendant fired Plaintiff in September 2015 in retaliation for his complaints about Defendant's failure to pay overtime, that any other reason asserted by Defendant to justify the termination is mere pretext, and that at all times during his employment Plaintiff was able to perform all of his essential job functions at a satisfactory or above-satisfactory level (Doc. 16, ¶¶ 23–24).   *See, e.g.*, *Wolf*, 200 F.3d at 1343 ("In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights.").   Thus, Plaintiff has stated a claim for retaliation.

## B.  State-law claims

Plaintiff asserts four claims under state law: breach of contract, quantum meruit, unjust enrichment, and a whistleblower claim.   I will address these claims in this order, but I will discuss the claims for quantum meruit and unjust enrichment together.   But first I will address Defendant's argument that the FLSA preempts these state-law claims.

### 1.  FLSA preemption

Defendant argues that Plaintiff's state-law claims are preempted by the FLSA; but Defendant does not elaborate on this argument or provide any supporting case law.[6]   Defendant merely concludes that "if the FLSA applies as alleged by Plaintiff, [the FLSA] would preempt the type of [] state law claims set forth [in the Complaint]."   (Doc. 19, p. 3).   At the most basic level, the FLSA permits state law to provide for greater protections than the FLSA provides.   *See, e.g.*,

---

[6] It also appears that Defendant's argument is limited to only the breach of contract (Count I) and *quantum meruit* (Count II) claims.   (Doc. 19, pp. 3–4).

29 U.S.C. § 218; *Roberts v. TJX Companies, Inc.*, No. 3:14-CV-746-J-39MCR, 2015 WL 1064765, at *2 (M.D. Fla. Mar. 11, 2015); *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994).

For example, "[a] common law breach of contract claim involving a contract which provided the same compensation standards of the FLSA *without* the exemptions found within the FLSA would provide an employee with firmer footing in future litigation as the employer could not assert a defense that the employee was exempt from the FLSA." *Roberts*, 2015 WL 1064765 at *2 (emphasis in the original). Thus, absent a more developed argument on why FLSA preemption would be applicable here, I recommend that Defendant's motion to dismiss Plaintiff's state-law claims on preemption grounds be denied at this time. *See Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, 1253 (M.D. Ala. 2005) (holding that on a motion to dismiss "it would be premature to hold that the FLSA prevents [the Plaintiff] from bringing claims for breach of contract and unjust enrichment"); *see also Botting v. Goldstein*, No. 15-CV-62113, 2015 WL 10324134, at *3–4 (S.D. Fla. Dec. 21, 2015) (acknowledging that "[o]ther courts in the Eleventh Circuit that have found FLSA preclusion of a state law claim have done so at a later stage in the litigation, faced with proof rather than allegations" and declining to dismiss an unjust enrichment claim based on a FLSA preemption argument).

## 2. *Breach of Contract—Count I*

To establish a breach of contract claim under Florida law, a plaintiff must allege the following elements: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Plaintiff alleges here that Defendant hired him as a firefighter and that he and Defendant had an agreement in which Defendant would not only employ him but would also pay him "as

provided for by, and not in violation of, the laws of the United States and the State of Florida." (Doc. 16, ¶ 14).   He also alleges that Defendant breached this agreement "by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the law of the United States and the State of Florida" and that the breach harmed Plaintiff.   (Doc. 16, ¶¶ 27, 28).

In other words, Plaintiff contends that Defendant agreed to pay Plaintiff in accordance with the laws of the nation and the State of Florida for his firefighting and fire hydrant maintenance services, that Defendant failed to do so after he performed those services by not paying him the amount due for those services and by failing to pay him overtime wages and according to federal law (i.e., the FLSA), and that he has suffered harm from Defendant's failure to pay him.   These allegations are sufficient to survive the instant motion, and thus I submit that the motion to dismiss this Count should be denied.

Defendant does appear to argue that, given its exhibit (Doc. 12, p. 10), Plaintiff did not have an employment agreement with Defendant but was instead merely volunteering his services. (Doc. 19, p. 4).   Yet I find that this exhibit does not plainly show that he and Defendant did not have an employment agreement as a matter of law (and, again, I do not decide whether Plaintiff has even incorporated this exhibit into his Complaint).   *Cf. supra* sub-section III.A.1.a (finding that the same exhibit did not defeat, as a matter of law, Plaintiff's claims under the FLSA).   In other words, the exhibit does not plainly show that Defendant did not hire Plaintiff, did not agree to pay Plaintiff in accordance with the FLSA, and did not breach that agreement by failing to pay him in accordance with the FLSA.

### 3.   *Quantum Meruit and Unjust Enrichment—Counts II & III*

In the alternative to his claim for breach of contract, Plaintiff alleges claims for quantum

meruit and unjust enrichment.   Although these two legal theories are separate and distinct, their

elements—for pleading purposes—are very similar under Florida law.   *A & E Auto Body, Inc. v.*

*21st Century Centennial Ins. Co.*, No. 6-14-CV-2257-GAP-TBS, 2015 WL 304048, at *5 (M.D.

Fla. Jan. 21, 2015) (noting that claims for quantum meruit and unjust enrichment "appear to be

treated by the Florida courts as legally equivalent").

For instance, to state to a cause of action for quantum meruit, a plaintiff must allege that

"(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the

benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances

are such that it would be inequitable for the defendant to retain the benefit without paying fair

value for it."   *Razi v. Razavi*, No. 5:12-CV-80-OC-34PRL, 2012 WL 7801361, at *7 n. 13 (M.D.

Fla. Dec. 21, 2012), *report and recommendation adopted,* No. 5:12-CV-80-OC-34PRL, 2013 WL

1193005 (M.D. Fla. Mar. 22, 2013) (citing *Hull & Company, Inc. v. Thomas*, 834 So. 2d 904, 907

(Fla. 4th DCA 2003).   Likewise, to state a claim for unjust enrichment a plaintiff must allege that

"(1) the plaintiff conferred a benefit to the defendant; (2) the defendant has knowledge of the

benefit; (3) the defendant voluntarily accepts and retains the benefit; and (4) it would be inequitable

for the defendant to retain the benefit without payment."   *Roberts*, 2015 WL 1064765 at *4 (citing

*Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n. 3 (11th Cir. 2011).

Plaintiff alleges here that he conferred a benefit upon Defendant by performing services

for Defendant (presumably, those services would include fire hydrant maintenance, firefighting,

vehicle extractions, and working city events); that Defendant knew about and accepted the

services, but did not pay—or at least did not adequately pay—Plaintiff for those services; and that

it would be unfair for Defendant to retain the benefit of these services without properly compensating Plaintiff for those benefits.   (Doc. 16, ¶¶ 15–18, 36–40).   Thus Defendant's motion to dismiss Counts II and III should be denied.

### 4.   Whistleblower—Count VI

Lastly, Plaintiff asserts a claim under the Florida's Whistle-blower's Act, Fla. Stat. § 112.3187, which prevents Florida agencies "from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer . . . that create a substantial and specific danger to the public's health, safety, or welfare."   Similar to the elements of a claim for retaliation under the FLSA, to state a claim under § 112.3187 "an employee must show that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there existed a causal connection between the two events."   *Castro v. Sch. Bd. of Manatee Cty., Fla.*, 903 F. Supp. 2d 1290, 1302 (M.D. Fla. 2012).   Defendant seeks dismissal of this Count based, in part, on grounds that Plaintiff has only plead the bare legal conclusion that § 112.3187 applies and was violated.   (Doc. 19, p. 6).

I agree with Defendant.   As to the first prong, § 112.3187's statutory protection is limited to the following activities:

> This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistle-blower's hotline or the hotline of the Medicaid Fraud Control Unit of the Department of Legal Affairs; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Florida Commission on Human Relations.

Fla. Stat. § 112.3187(7).   Here, Plaintiff fails to allege that he performed any of these enumerated activities.

For instance, though Plaintiff alleges that he disclosed information on his own initiative to Defendant's mayor and manager (Doc. 16, ¶ 21), he does *not* allege that such information was disclosed in a written and signed complaint.   Further, though he states that he complained at a Fruitland Park Commissioner's meeting (Doc. 16, ¶ 20), he does *not* state that a government agency or entity requested that Plaintiff participate in an investigation, hearing, or other inquiry.

And he does not allege that he performed any of the other covered disclosures enumerated in § 112.3187(7)—i.e., he does not allege that he refused to participate in any adverse action prohibited by § 112.3187; initiated a complaint through the Florida's whistle-blower's hotline or the Medicaid Fraud Control Unit hotline; filed a written complaint to his supervisory officials, the Chief Inspector General, the employee designated as agency inspector general, or the Florida Commission on Human Relations.

Accordingly, I am compelled to recommend that this Count be dismissed as Plaintiff has failed to allege that he engaged in an activity statutorily protected by §112.3187.   *See, e.g.*, *Zorn v. McNeil*, No. 6:16-CV-1-ORL-41TBS, 2016 WL 5476195, at *7–8 (M.D. Fla. Sept. 29, 2016) (dismissing without prejudice a plaintiff's § 122.3187 claim when she failed to allege that she engaged in a protected activity but allowing the other plaintiff's claims to proceed when they alleged that they interviewed and gave testimony in an administrative investigation conducted by a Florida county).

## IV.   RECOMMENDATION

Upon   due   consideration   and   for   the   reasons   stated   above,   it   is   respectfully **RECOMMENDED** that the motion to dismiss and to strike (Doc. 19) be **DENIED** as to Counts I–V and **GRANTED** as to Count VI.

**RECOMMENDED** in Ocala, Florida on December 6, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties