UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE FERNANDEZ,

    Plaintiff,                          CASE NO.: 5:16-cv-326-oc-34PRC

v.

CITY OF FRUITLAND PARK,
a Florida Political Subdivision,
and CHRIS BELL, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, GEORGE FERNANDEZ and Defendants, CITY OF FRUTILAND PARK and CHRIS BELL (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

**I.**    **Legal Principles**

    Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.; see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendants were represented by experienced counsel.

## II.     Terms of Settlement

### A.     Plaintiffs Recovery

Plaintiff will receive full damages as part of the settlement as follows: $15,000.00 allocated to FLSA claims. The Parties have reached a separate settlement for the other claims

raised in the lawsuit which do not require Court approval. Additional consideration is provided to the Plaintiff for the non-FLSA claims raised in the lawsuit and the Plaintiff has executed a settlement agreement and separate release for this non-FLSA claims.

### B. Attorney's Fees/Costs

Plaintiff's counsel will receive $6,000.00 as payment of fees and $560.00 as payment of costs from the total settlement proceeds. Defendants have agreed to pay Plaintiff in full, without compromise and Plaintiffs attorneys' fees and costs were negotiated separately from Plaintiffs settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Respectfully submitted,

/s/ Peter M. Hoogerwoerd, Esq.

Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-416-5000

/s/Stephanie J. McCulloch

McLin Burnsed, P.A.
1000 W. Main Street
P.O. Box 491357
Leesburg, FL 34749
352-787-1241


EXHIBIT A

## SETTLEMENT AGREEMENT AND FULL AND FINAL
## GENERAL RELEASE OF ALL CLAIMS

1. This settlement agreement and full and final general release of claims ("Agreement") covers all understandings between GEORGE FERNANDEZ (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and CITY OF FRUITLAND PARK and CHRIS BELL, (hereinafter referred to as "Defendants" a term which includes each and every owner, shareholder, officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, and its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs hereby collectively referred to as the "Released Parties"). Plaintiff and Defendants may hereinafter be collectively referred to as the "Parties".

2. This Agreement is not and shall not be construed in any way as an admission by any party of any wrongdoing. The Parties have entered into this Agreement for the sole purpose to avoid the burden, expense, delay and uncertainties of the continued litigation of the above referenced case.

3. For and in consideration of the promises and the general release of claims outlined in this Agreement, Plaintiff agrees as follows:

   A. To settle any, and all claims and actions of any nature whatsoever between Plaintiff and Defendants, as related to any claims for unpaid wages, compensation or income owed which are the subject matter of the lawsuit under the FLSA;

   B. To agree and acknowledge that this settlement is without compromise of a disputed claim and does not constitute an admission by Defendants of any wrongdoing or any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs rights or of any duty owed by Defendants to Plaintiff;

   C. That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement and that said sum represents the full and final payment of any and all alleged unpaid wages and/or overtime pay that the Plaintiff was claiming under the FLSA in the above-captioned action; and,

4. For and in consideration of the promises the release of FLSA claims made by Plaintiff in this Agreement, within 14 days of entry of the Order by the Court approving the settlement of the Plaintiff's FLSA claims, Defendants or their representatives or insurer shall pay to Plaintiff and Plaintiff's counsel, REMER & GEORGES-PIERRE, PLLC the total consideration and settlement sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) as follows:

   (i) one check payable to GEORGE FERNANDEZ in the gross and net amount of EIGHT THOUSAND FOUR HUNDRED FORTY DOLLARS ($8,440.00), representing alleged damages of the Plaintiff's claim arising under the Fair Labor Standards Act; of this amount 50% shall be allocated as back wages and 50% shall be allocated as liquidated damages; and,

00220776 - 1

(ii) one check payable to Remer & Georges-Pierre, PLLC, in the amount of SIX THOUSAND FIVE HUNDRED SIXTY DOLLARS ($6,560.00), representing attorneys' fees ($6,000.00) and costs ($560.00) for the FLSA claim.

*Plaintiff specifically is aware of and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.*

Plaintiff's counsel will provide to Defendant's counsel IRS Form W-9s for the REMER & GEORGES-PIERRE, PLLC firm and from the Plaintiff so that 1099s can be issued by the Defendants for the above referenced settlement checks that are being 1099d. All settlement checks should be sent to Remer & Georges-Pierre, PLLC's office attention Peter M. Hoogerwoerd, Esq., within 10 days from Court approval of the settlement.

Plaintiff acknowledges that his counsel of record and Defendant's attorney are not tax attorneys and he is hereby advised by his own attorney to seek his own legal advice and counsel as to the tax treatment of the settlement proceeds. Plaintiff further acknowledges that he will be solely responsible for any tax liability (if any) resulting from payments under this Agreement. Furthermore, Plaintiff specifically is aware of, and agrees with, the amount of attorney's fees and costs to be paid to his counsel for representing his interests in this matter.

5. The attorneys for the parties and the parties will cooperate on and take any action or steps that may be necessary or required finalize the parties' settlement so as to achieve and to have a fully binding settlement of the Plaintiff's claims against the Defendants, including but not limited to obtaining Court approval of the settlement as required by law. Should the Court fail to approve the settlement, this Agreement is voidable at Defendants' election.

6 Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Plaintiff hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES Defendants and the Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, raised in the lawsuit under the FLSA, or which could have been raised in the lawsuit under the FLSA.

7. The Plaintiff has executed a separate Release for separate consideration for release of all Non-FLSA claims, both raised in the lawsuit and otherwise. Said Release is attached herein as Exhibit "A", but will not be filed with the Court unless requested by the Court or if necessary to enforce or effectuate the Settlement.

8. Plaintiff acknowledges that because of circumstances unique to him including, but not limited to irreconcilable differences with Defendants, that he shall not apply in the future for employment with Defendants, perform volunteer services for the Defendants, nor solicit, seek or otherwise attempt to obtain employment with Defendants or to provide services in any manner to the Defendants. Plaintiff further agrees that Defendants shall not be under any obligation to employ or contract with him, or utilize his services in any fashion, and that, should any application be made by him, Defendants shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

10. In the event that Plaintiff or Defendants or their attorneys commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13. The law governing this Agreement shall be that of the United States and the State of Florida. The United States District Court for the Middle District of Florida and the State Circuit Court in Lake County Florida shall have jurisdiction to enforce the terms of this Settlement Agreement.

14. The Parties agree that this Settlement Agreement is being entered into knowingly and voluntarily, after having the opportunity to fully discuss it with their respective attorneys. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15   This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of the Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the following Parties with full authority to enter into this Agreement have knowingly executed this Agreement.

Signature _____

GEORGE FERNANDEZ

Dated: 5-3-2017

00220776 - 1