# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**GEORGE FERNANDEZ,**

    Plaintiff,

v.                                              Case No: 5:16-cv-326-Oc-34PRL

**CITY OF FRUITLAND PARK**

    Defendant.

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 33). Thus, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores*, *Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I.    LEGAL STANDARDS

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

**II. DISCUSSION**

As set forth in the Settlement Agreement, Defendant will pay a total sum of $15,000 to resolve this matter, to include the following: (1) $4,220 to Plaintiff for unpaid overtime compensation; (2) $4,220 to Plaintiff for liquidated damages; and (3) $6,560 to Plaintiff's counsel for attorney's fees and costs. Plaintiff represents that he has not compromised his claims and that he is being paid all monies allegedly owed him. (Doc. 33 at p.2). Defendant does not agree that any wages are owed, but has agreed to this settlement to avoid the expense and uncertainty of litigation. The parties, who were represented by experienced counsel, agree that this is a fair and reasonable settlement.[2]

---

[2] The parties note that they have separate agreements and corresponding releases that are unrelated to their FLSA claims. (Doc. 33, p.6, ¶7). I further note that this action involved several state-law claims, three of which survived Defendant's motion to dismiss. (Docs. 19, 22, 26, 29). But the Court, of course, does *not* express an opinion on those agreements. *See Brozman v. Jenniferjames Haircolorxperts, LLC*, 2016 U.S. Dist. LEXIS 23231, *1 n.1 (M.D. Fla. Feb. 25, 2016).

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $6,560 for attorney's fees and costs appears to be reasonable.[3]

As for the remaining portions of the Settlement Agreement, the waiver of future employment in Paragraph 8 appears inappropriate since the parties provide no additional information to assist the Court in evaluating the fairness of that provision. In some cases, courts have approved settlement agreements including waivers of future employment because they were inconsequential. For example, where a plaintiff did not desire re-employment and the defendant's financial viability was precarious the inclusion of a waiver of future employment was "inconsequential" and did not render the settlement unfair. *See Robertson v. Ther–Rx Corp.*, Case No. 2:09cv1010–MHT(WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011); s*ee also Cruz v. Winter Garden Realty, LLC*, No. 6:12–cv–1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (finding the settlement agreement fair despite waiver of right to future employment, where settlement agreement stated plaintiff did not desire reemployment). In other cases, courts have viewed waiver of future employment provisions as punishment for exercising FLSA rights, and

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case, which involved a litigated motion to dismiss (Docs. 19, 22, 26, 29), and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

declined to approve them. *See Nichols v. Dollar Tree Stores*, Inc., 1:13–CV–88 (WLS), 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013).

Here, neither the agreement nor accompanying motion contain any information to assist the Court in evaluating the fairness of the provision, such as whether Plaintiff would desire future employment. Moreover, while comparable provisions have been approved in this District where it was shown additional consideration was paid in exchange for the waiver of future employment, it is not clear whether that is the situation here. *See, e.g.*, *Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) (approving a similar "no rehire" provision where the agreement specifically provided that additional, separate consideration had been paid for that specific paragraph of the agreement and other releases). The Settlement Agreement does not state that any additional monetary consideration or otherwise was given for the waiver of future employment provision in Paragraph 8.

Even though Plaintiff's waiver of future employment provisions is unenforceable (in the absence of any additional information), it does not preclude approval of the Settlement Agreement in this case. *See, e.g.*, *Niles v. Denny's Inc.*, No. 6:16-cv-999-Orl-40TBS. 2017 WL 1352232, at *2 (M.D. Fla. March 22, 2017) (recommending that settlement agreement be approved after modifying the broad general release to include only the named defendant); *Brown v. SeaDog Brewpub BV, LLC*, No. 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016) (recommending that settlement agreement be approved after striking general release and confidentiality provision); *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330–31 (M.D. Fla. 2013) (noting that "the District Court need not approve [an FLSA] settlement agreement as a whole") (page number omitted).

Indeed, the Agreement here contains a severability provision in Paragraph 12, stating:

> Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

Thus, terms in the Settlement Agreement may be severed (or modified) without affecting the enforceability of the rest of the Agreement. *See id.*

Lastly, I note that the Agreement appears to provide that this Court will retain jurisdiction to enforce the terms of this Settlement Agreement: "The United States District Court for the Middle District of Florida and the State Circuit Court in Lake County Florida shall have jurisdiction to enforce the terms of this Settlement Agreement." (Doc. 33 at p.7, ¶ 13). The decision to retain jurisdiction over the terms of a settlement agreement is discretionary and any breach of such an agreement would generally be a matter of state law. *See Porter v. Pope's Precision Projects, Inc. et al.*, No. 5:16-cv-588-Oc-39PRL, Doc. 9 at p.3 (M.D. Fla. Nov. 10, 2016). Accordingly, courts in this District regularly decline to retain jurisdiction to enforce the terms of FLSA settlement agreements. *Magallanes v. Toll Bros.*, No. 206-CV-635-FTM-34SPC, 2008 WL 2824812, at *1 (M.D. Fla. July 21, 2008) (declining to retain jurisdiction to enforce the terms of a FLSA settlement agreement); *Wham v. Reliable Roll-Offs of S.W. Florida, Inc.*, No. 207-CV-563-FTM-34DNF, 2008 WL 906444, at *1 (M.D. Fla. Apr. 3, 2008) (same); *Dior v. Maxim Healthcare Servs., Inc.*, No. 2:07CV46FTM34DNF, 2007 WL 4570873, at *1 (M.D. Fla. Dec. 27, 2007) (same). I, therefore, suggest the same here.

### III. RECOMMENDATION

Accordingly, and upon due consideration, I **RECOMMEND** that:

1. Paragraph 8 of the Settlement Agreement be stricken to the extent Plaintiff waives future employment;

2. the Court decline to retain jurisdiction; and

3. the Court **GRANT** the parties' joint motion for approval of the settlement agreement (Doc. 33) with the modifications set forth above, as it is a fair and reasonable compromise of Plaintiff's FLSA claim.

**Recommended** in Ocala, Florida on May 17, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy